IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TONY FULLEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-055-H |
| | § | |
| CITY OF LUBBOCK, *et al.*, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants City of Lubbock and Lubbock and Power Light (LP&L) moved to quash a deposition notice of Keli Swan, a non-party attorney for LP&L. Dkt. No. 12. The United States District Judge referred the parties' discovery dispute to the undersigned United States Magistrate Judge for recommendation. Dkt. No. 13. Plaintiff has since withdrawn the subpoena, so the undersigned recommends that the United States District Judge **DENY as moot** the motion to quash.

**1.    Findings**

Because the motion to quash involved a subpoena issued months after the close-of-discovery deadline, the undersigned ordered the parties explain whether they agreed to extend discovery, and if so, to explain why they failed to notify the Court of that agreement, as required by the original scheduling order. Dkt. No. 14; *see also* Dkt. No. 8. In response, the parties filed a joint notice asking the Court to extend their discovery deadline to January 9, 2026. Dkt. No. 15. The parties explained a series of events by which they agreed to delay three depositions in this case, but they never explained why they did not comply with the Court's order requiring notification of that agreement. *Id.*

Subsequently, the district judge granted the parties' motion to extend their discovery deadline. Dkt. No. 16. Plaintiff has since notified the Court that he withdrawn the subpoena that is the subject of the motion to quash. Dkt. No. 17.

**2.     Recommendation**

Because Plaintiff has withdrawn the subpoena, the undersigned recommends that the motion to quash be **DENIED as moot**.

**3.     Right to Object**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 15, 2026.

AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE

2